JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

In re

CHANNEL CONSTRUCTION, INC.,

Debtor(s)

Case No. J14-00103-HAR
In Chapter 11

MEMORANDUM REGARDING McGEE LAW OFFICES FEE APPLICATION [ECF No. 91]

Before entering orders approving the fees of McGee Law Offices (MLO) and modifying the terms of MLO's retention the court requests some clarification.

The court has reviewed the joint fee application and application to modify the previous order approving retention of Terrence K. McGee of MLO as special counsel.[1] In general, I have no quarrel with the math and detail shown by MLO's five billing statements which are exhibits to the fee application.[2]

I want to point out to MLO, however, that it improperly collected $15,000 from the debtor in August, prior to approval of its fees and expenses.[3] This should not happen again. The order authorizing MLO's retention specifically states that all payments are subject to prior court order.

---

[1] The previous order for retention is at ECF No. 38, entered on May 23, 2014. The joint application for fees and modification of the terms of employment are filed at ECF Nos. 91 and 92.

[2] ECF No. 91, Exhibits A-E.

[3] Shown on Exhibit C, ECF No. 91.

      Also, MLO started working post-petition on **April 1, 2014**, but did not get approval for employment until **May 23, 2014**, *nunc pro tunc*. No explanation for the delay in seeking approval of its retention has been offered as required by Ninth Circuit precedent.[4] Again, I will assume that this was due to inexperience in bankruptcy protocol and not press the point. No one else has raised the issue.

      My sole concern is that the proposed Legal Representation Agreement can be fairly read to mean that if the court approves the retention agreement – i.e., granting a hybrid of reduced hourly rates and a contingency fee – the new reduced hourly rate would kick in for fees incurred after **July 18, 2014**. On the other hand, it might have been the intent of the parties that only fees **subsequent to court approval** are at the reduced rate. It is ambiguous to the court. Paragraph 8 of the agreement[5] reads:

> 8.   No Effect on Terms Under Which Prior Services Were Rendered. Client and MLO acknowledge that MLO has, prior to the execution of this Legal Representation Agreement, represented Client in the investigation of the claims to be pursued under this Legal Representation Agreement and on other matters. This Legal Representation Agreement does not change the terms for fees earned, whether paid or still owing to MLO, *prior to the execution of this Legal Representation Agreement,* but MLO shall be compensated in accordance with this Legal Representation Agreement for all services provided on the claims described first above, including any assistance provided to Client in the pending Chapter 11 proceeding, from and after the approval of this Legal Representation Agreement by the Bankruptcy Court. [emphasis added]

      The motion for approval of the modification agreement was not filed until **October 2, 2014**, almost two-and-a-half months after it was executed. So, the court needs clarification that the debtor and MLO are on the same page as to the starting date for the reduced fees. If the intention was for fees incurred after July 18, 2014 to be charged at the reduced rate, subject to the court approving the hybrid billing scheme, the billing statements would have to be redone to reflect that.

---

[4] In re Weibel, Inc., 176 B.R. 209, 213 (9th Cir. BAP 1994) (court approval *nunc pro tunc* approval should be limited to exceptional circumstances).

[5] ECF 92, Exhibit H, ¶ 8.

Supplemental papers should be filed by the debtor and MLO to clarify the issue. Then the court will enter orders approving the fees and modification of the terms of retention.

DATED: November 3, 2014

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

<u>Serve</u> :
Cabot Christianson, Esq., for debtor
Terence McGee, Esq., special counsel for debtor
Michael Mills, Esq., for the UCC
Thomas Buford, Asst. US Trustee

MEMORANDUM REGARDING McGEE LAW
OFFICES FEE APPLICATION [ECF No. 91]                                                                            Page 3 of 3